24 F.3d 1464
 306 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Francis Sylvester JONES, Appellant.
 No. 92-3044.
 United States Court of Appeals, District of Columbia Circuit.
 April 21, 1994.
 
 Before: MIKVA, Chief Judge, SILBERMAN and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The court is satsified, after reviewing the parties' briefs, that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 ORDERED AND ADJUDGED that the district court's judgment from which this appeal has been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a).
 
 MEMORANDUM
 
 4
 On June 20, 1991, a confidential informant of the Metropolitan Police Department's Vice Unit ("Unit") called the Unit to report a male subject he witnessed participating in a narcotics transaction in the area of 1000 12th Street, S.E. The informant described the suspect's physical appearance, dress, location, and street name, as well as the location of the drugs that the suspect allegedly had on his person. The police responded to the tip, arrived at the scene approximately 15 minutes after receiving the call, and saw Appellant, who matched the informant's description of the suspect in all respects. The police stopped, frisked, and arrested Appellant and, in the course of a search incident to arrest, recovered a large baggie from Appellant's groin area. The baggie contained 56 ziploc bags of cocaine base weighing a total of 17.81 grams. The police also recovered a beeper and $98 from Appellant's person.
 
 
 5
 Appellant was indicted on one count of possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(iii). Appellant filed a pretrial motion to suppress evidence seized during the search incident to his arrest, claiming that the arrest was made without probable cause. Upon finding that the information provided by the confidential informant and corroborated by the police established probable cause for the arrest, the district court denied Appellant's motion to suppress. We affirm the district court's judgment.
 
 
 6
 Determinations of probable cause are governed by the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, (1983). Information provided by a reliable informant and corroborated by independent police investigation can be sufficient to establish probable cause. Draper v. United States, 358 U.S. 307, 314 (1958). Factors that are "highly relevant" to determining an informant's reliability include whether his identity is known, his history of veracity, and the basis of his current knowledge. Alabama v. White, 110 S.Ct. 2412, 2415 (1990).
 
 
 7
 The arresting officer in the present case testified that he knew the informant personally, had received tips from him in at least six other cases, and deemed him to be a "reliable source." Although the officer failed to specify both the kind of information that the informant had provided in the past and the manner in which police had used that information, the district court did not clearly err in finding that the informant "had provided reliable information to the police on at least seven other occasions."
 
 
 8
 Appellant next contends that police lacked probable cause for his arrest because they corroborated only "innocent details" of their informant's tip. However, the totality-of-the-circumstances test suggests that police may establish probable cause by corroborating innocent details contained in a reliable informant's tip because "seemingly innocent activity bec[omes] suspicious in light of the initial tip." Gates 462 U.S. at 243 n. 13 (1983). Moreover, our case law has never required that police corroborate suspicious or illicit conduct to establish probable cause based on a reliable informant's tip. See Illinois v. Gates, 462 U.S. 213, 244 n. 13 (1983); see also Draper v. United States, 358 U.S. 307 (1958). Although the Supreme Court emphasized the importance of informant predictions and police corroboration of a suspect's future behavior for purposes of establishing probable cause in Alabama v. White, 110 S.Ct. 2412 (1990) and Illinois v. Gates, 462 U.S. 213 (1983), the informants in those cases were anonymous. Similarly, this court based its probable cause finding in United States v. Lucas, 778 F.2d 885 (D.C.Cir.1985) (per curiam ) on police corroboration of the suspects' illicit activity because the informant's anonymity detracted from his reliability.
 
 
 9
 Because the present case, like Draper, involves an informant who was known to the police and deemed reliable by the district court, police did not have to corroborate Appellant's illicit or future activities in order to establish probable cause for his arrest. Indeed, because the present informant claimed to have observed the suspect engaged in a narcotics transaction whereas the Draper informant never disclosed the basis of his knowledge, the present informant's reliability may be established more readily than that of the Draper informant. In sum, the district court did not clearly err in finding that the confidential informant was a reliable source of information. Based on this finding and the police corroboration of innocent details of the informant's tip, the district court held that police had probable cause to arrest Appellant. The district court's judgment is
 
 
 10
 Affirmed.